United States District Court
Southern District of Texas
**ENTERED**
August 09, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| BASHIR ALI, § | |
| § | |
| Plaintiff. § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:20-cv-02769 |
| § | |
| ALLSTATE INDEMNITY § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Defendant Allstate Indemnity Company's Motion to Dismiss Pursuant to Rule 12(b)(6) ("Motion to Dismiss"). *See* Dkt. 13. Having reviewed the briefing, the record, and the applicable law, I recommend that the motion be **GRANTED**, and that Plaintiff Bashir Ali ("Ali") be given the opportunity to replead a declaratory judgment claim under federal law.

## BACKGROUND

On July 14, 2016, Ali was involved in a car crash with Pauline Stormer ("Stormer"). Ali claims that Stormer caused the accident by failing to yield the right-of-way as required by law. As a result of the accident, Ali alleges that he suffered multiple traumatic injuries that caused debilitating pain and physical discomfort. Medical professionals have recommended that Ali undergo neck and spine surgery. To date, Ali has incurred medical charges of approximately $33,000. The total estimated costs related to the proposed surgery exceed $100,000.

In November 2016, Ali settled his liability claim against Stormer and her insurer for Stormer's policy limits of $50,000. Ali then turned to his insurer, Allstate Indemnity Company ("Allstate"), and requested additional sums to compensate him for the damages he sustained in the accident. Ali's automobile insurance policy contained an underinsured motorist ("UIM") clause that provided

$30,000 of additional coverage for damages caused by underinsured motorists. Allstate denied coverage under the UIM clause, maintaining that Ali's injuries were degenerative in nature and any needed surgery is unrelated to the car accident.

On July 14, 2020, Ali filed suit in state court against Allstate for failing to pay under the UIM provision, claiming that Stormer's negligence caused his injuries, and that she was underinsured. The First Amended Complaint alleges a cause of action for breach of contract under the insurance policy and a separate cause of action for extra-contractual bad-faith prohibited by the Texas Insurance Code. Allstate timely removed the case to federal court based on diversity jurisdiction.

Allstate has moved to dismiss the lawsuit under Federal Rule of Civil Procedure 12(b)(6). Allstate argues that the First Amended Complaint fails to state a claim for relief because it does not allege the existence of a judgment that Stormer was at fault for the accident and underinsured.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a complaint for the "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion, I must "accept all well-pleaded facts as true, drawing all reasonable inferences in the nonmoving party's favor." *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Id.* at 336–37 (cleaned up). Because a complaint must be liberally construed in favor of the plaintiff, a motion to dismiss under Rule 12(b)(6) is

generally viewed with disfavor and is rarely granted. *See Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).

## ANALYSIS

The Texas Insurance Code requires UIM coverage to be included in all personal automobile policies unless the insured rejects it in writing. *See* TEX. INS. CODE § 1952.101(b). The purpose of such coverage is to place the insured in the same position he would have occupied if the tortfeasor had carried adequate insurance. *See Allstate Ins. Co. v. Irwin*, --- S.W.3d ---, 2021 WL 2021446, at *1 (Tex. May 21, 2021) ("Underinsured motorist coverage is insurance designed to fill the gap between the insured's damages from an accident and the other driver's ability to pay."). Although this seems straightforward, "presenting a claim to your insurance carrier for underinsured motorist benefits is not like other claims under an automobile liability insurance policy." *Id.* An insurer is only obligated to pay the insured what the insured is "legally entitled to recover" from the underinsured motorist. TEX. INS. CODE § 1952.101(a).

The Texas Supreme Court has held that an insurer has no obligation to pay under a UIM policy "until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006). Without that judgment, "the insurer's contractual obligation to pay benefits simply does not arise," *Banda v. Allstate Prop. & Cas. Ins. Co.*, No. 4:19-CV-3418, 2020 WL 3972537, at *2 (S.D. Tex. July 14, 2020), and "[n]either requesting UIM benefits nor filing suit against the insurer" changes that result. *Brainard*, 216 S.W.3d at 818. Moreover, "neither a settlement nor an admission of liability from the tortfeasor establishes UIM coverage, because a jury could find that the other motorist was not at fault or award damages that do not exceed the tortfeasor's liability insurance." *Id.*

Ali's breach of contract claim must be dismissed because he has failed to plead the existence of a judgment establishing Stormer's liability and underinsured status. Without that allegation, the First Amended Complaint fails to establish that

Allstate had an obligation to pay UIM benefits. *See Banda*, 2020 WL 3972537, at *2–3 (granting motion to dismiss breach of contract claim for failing to allege that a judgment had been rendered establishing the liability and underinsured status of another motorist); *Martinez v. Allstate Fire & Cas. Ins. Co.*, No. 5:19-CV-35-DAE, 2019 WL 5789988, at *5 (W.D. Tex. June 18, 2019) (same); *Adedipe v. Safeco Ins.*, No. 4:17-CV-347-ALM-CAN, 2017 WL 6811798, at *4 (E.D. Tex. Oct. 18, 2017) (same); *Woods v. Argonaut Midwest Ins. Co.*, No. 6:15-CV-139, 2016 WL 3653518, at *2 (E.D. Tex. Mar. 18, 2016) (same). Ali's extra-contractual claim, brought under the Texas Insurance Code, is premised on Allstate's refusal to pay the UIM benefits. Because Ali has no right to policy benefits without an underlying judgment establishing the other motorist was at fault and underinsured, the extra-contractual claims must also be dismissed under Rule 12(b)(6). *See Rodriguez v. Allstate Fire & Cas. Ins. Co.*, No. 5:18-CV-1096-OLG, 2019 WL 650438, at *2–3 (W.D. Tex. Jan. 10, 2019) (dismissing breach of contract and extra-contractual UIM claims for failure to allege the existence of an underlying judgment).

     Although it is premature for Ali to proceed with his breach of contract and extra-contractual claims against Allstate, I am unwilling to recommend dismissing the case altogether. An insured can go about obtaining the judgment needed to establish the negligence and underinsured status of the other motorist in two ways. First, an insured can file suit against the other motorist and obtain a judgment establishing liability and the resulting damages. *See Brainard*, 216 S.W.3d at 818. But this is not to say that an insured is required to obtain a judgment against the tortfeasor. *See id.* A second option is for the insured to settle with the tortfeasor, as Ali did in this case, and then proceed to litigate UIM coverage with the insurer. In such a case, "the litigation between the insured and his carrier is on the UIM contract but not for its breach, which cannot occur until the underlying conditions precedent of liability and damages are established." *Irwin*, 2021 WL 2021446, at *2. The Texas Supreme Court recently held that an insurer's obligation to pay may be triggered by a declaratory judgment that the other motorist was at fault and

4

underinsured. *See Irwin*, 2021 WL 2021446, at *2 ("[A] declaratory judgment action is the appropriate remedy for determining the underlying tort issues that control the validity of an insured's UIM claim against his insurer."). Instead of dismissing this case and requiring Ali to file a brand-new lawsuit alleging a declaratory judgment claim, the prudent course is to allow Ali an opportunity to amend this lawsuit to add a declaratory judgment claim under federal law.[1] Such an amendment must be made within 15 days of this Memorandum and Recommendation being adopted by the District Court.

## CONCLUSION

For the reasons set forth above, I recommend the Motion to Dismiss be **GRANTED**, and Ali be given leave to file a Second Amended Complaint pleading a cause of action under the federal declaratory judgment statute. As a result of my ruling on the Motion to Dismiss, Plaintiff Bashir Ali's Motion to Sever and Abate Plaintiff's Extra-Contractual Claims (*see* Dkt. 28) is **DENIED** as moot.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 9th day of August 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] Any declaratory judgment action in this diversity case must be brought under the Federal Declaratory Judgment Act. The Texas Declaratory Judgments Act is a procedural mechanism that is inapplicable in federal court. *See Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998).